UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOLEY,<br><br>       Plaintiff,<br><br>v.<br><br>C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>       Defendants. | Case No.: 22-cv-1754-MMA-KSC<br><br>**ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER [Doc. No. 20]** |

The parties jointly move for the entry of a protective order. *See* Doc. No. 20. For good cause shown, the motion is **GRANTED** on the following terms:

**I. Definitions**

 1. **Confidential Information**. "Confidential Information" is defined herein as any information that constitutes, reflects, discloses, or contains: (1) a "trade secret" or other confidential research, development, or commercial information" that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G); and (2) information that may be protected from disclosure under a party's constitutional

1

right of privacy such as confidential and private psychiatric, psychological, medical condition and/or employment information.

2. **Trade Secret**.  A party, in designating information "Confidential" because it contains a "Trade Secret", shall designate only information that meets the definition of trade secret contained in 18 U.S.C.A. §1839 (West):

the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if --

(A)   the owner thereof has taken reasonable measures to keep such information secret; and

(B)   the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

3. **This Action**.  "This Action" means *Linda Cooley v. C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*, Case No. 3:22-cv-01754-MMA-KSC and IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION, MDL No. 2641, that was pending in the United States District Court District of Arizona.

II.     **Information Within the Scope of the Protective Order**

4. This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during This Action, including all copies, excerpts summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to This Action or its representatives (the "Supplying Party") to any other party or parties to This Action or their representatives (the "Receiving Party"), whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

5. The scope of confidentiality protections afforded under this Protective Order does not include any trial exhibits or trial testimony entered into evidence. Notwithstanding the foregoing, this Protective Order does not address or alter whether or not Defendants may argue that non-confidential documents should still be entitled to protection under the work-product doctrine and/or the attorney-client communication privilege.

### III. Designating Information As "Confidential" Pursuant to This Protective Order

6. **Documents**. Any Supplying Party producing documents that contain information that meets the definition of Confidential Information as provided in Paragraph 1 and 2 herein, may designate the contents of the documents as "Confidential" prior to or at the time of production by placing the following designation on the documents: "CONFIDENTIAL – Subject to Protective Order". Where a document consists of more than one page, each page of the document shall be designated as such. Any document or information for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question including a BATES number, where applicable.

7. If a Supplying Party makes documents or information available for inspection, rather than delivering copies to another party, no "Confidential" designation is required in advance of the initial inspection. For the purposes of initial inspection only, the documents shall be considered "CONFIDENTIAL". Upon production of the inspected documents, the Supplying Party shall designate which of the produced or copied documents and materials are or contain Confidential Information pursuant to Paragraph 6 of this Order.

8. **Written Discovery**. If responses to written discovery contain Confidential Information as defined in Paragraph 1 and 2 of this Protective Order, the Responding Party may designate the responsive documents and information, as set

forth in Paragraph 6, with specific indication of the page and line references of the material that is "Confidential" under the terms of this Protective Order.

9. **Depositions**. The parties may designate as Confidential any deposition transcript, or portions thereof, in This Action that meets the definition of Confidential Information provided in Paragraphs 1 and 2 of this Protective Order. Counsel for the designating party shall advise the court reporter and the parties on the record during the deposition or by letter no later than thirty (30) calendar days after the court reporter provides the parties with the final deposition transcript. If any portion or all of a deposition transcript is designated as Confidential Information, the court reporter shall label the cover page of the original and one copy of the transcript to state that Confidential Information is contained therein, and shall label as "Confidential" each page of the transcript and/or exhibits to the deposition transcript that constitute "Confidential Information". Confidential designations of transcripts or portions thereof, apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript or portion thereof prior to the expiration of the 30-day period as "DO NOT DISCLOSE – SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Deposition transcripts or portions thereof will be treated as Confidential Information until expiration of the 30-day period. If any party does not designate the transcript as "Confidential" either at the time of the deposition or within the 30-day period defined above, no portion of the entire transcript will be deemed "Confidential" and the "DO NOT DISCLOSE- SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend shall be removed. The 30-day period may not be extended without mutual agreement of the parties.

10. **Confidential Information Produced By Third Parties**. A party in This Action may designate as Confidential any document, information, or testimony produced or supplied by any person or entity not a party to This Action, that constitutes or meets the definition of Confidential Information as defined in Paragraphs 1 and 2

of this Protective Order. The party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as Confidential Information during this thirty (30) day period while all parties have an opportunity to review the information and to determine whether it should be designated as confidential. Any party designating third party information as Confidential Information shall have the same rights, duties, and obligations, as a Supplying Party under this Protective Order.

11. **Publicly Available Information.** The confidentiality restrictions and confidentiality obligations set forth herein shall not apply to information that is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party, generally available to the public through publication or otherwise. This includes information published during public hearings and trials, if the Supplying Party does not move to seal or appeal any order denying such motion to seal within the time permitted under the applicable rules. Notwithstanding the foregoing, this Protective Order does not address or alter whether or not Defendants may argue that non-confidential documents should still be entitled to protection under the work-product doctrine and/or the attorney-client communication privilege.

## IV.   Limitations on Use of Confidential Information

12. All Confidential Information shall be used for the purpose of this lawsuit only, and except as permitted by this Order, the parties and their respective attorneys, as well as experts or consultants, shall not give, show, or otherwise divulge or disclose the Confidential Information, or any copies, prints, negatives or summaries thereof to any person or entity. Notwithstanding the foregoing provisions of this paragraph, nothing in this Order shall prevent the use of any of the documents or electronically stored information ("ESI") produced pursuant to this Protective Order in other

actions brought by the plaintiff's counsel, so long as a comparable protective order is entered in those other actions.

13. Confidential Information pursuant to this Protective Order shall be treated by the parties, their counsel, and any other signatory to this Protective Order as being confidential and private. Any copy of Confidential Information shall have the same status as the original. The disclosure and use of Confidential Information shall be confined to the permissible disclosures and uses set forth in this Protective Order, and no one shall disclose or use Confidential Information in a manner inconsistent with the terms and the intent of this Protective Order.

14. Confidential Information may be disclosed only to the following persons and shall be used solely for the litigation of This Action and may not be disclosed to anyone not authorized under this paragraph:

    a. Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing This Action;

    b. Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel who are working on This Action;

    c. Experts and consultants (including their employees/contractors) who are consulted or retained by a party to assist in the litigation of This Action;

    d. Third-party contractors and their employees who are consulted or retained by one or more parties to provide litigation-support or copy services in connection with the litigation of This Action;

    e. Witnesses or prospective witnesses in This Action;

    f. Court reporters, videographers, and other persons involved in recording deposition testimony in This Action;

    g. The Court and its personnel, including any mediators and/or special masters appointed by the Court, or if an appeal, the court with appellate jurisdiction; and

    h. Jurors in This Action

15. Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14 above (except the Court and its personnel and jurors in This Action), the disclosing party will provide each potential recipient of Confidential Information with a copy of this Protective Order, which said recipient shall read. Upon reading this Protective Order, such person shall sign an Acknowledgment, annexed to this Protective Order as **Exhibit A**, acknowledging that he or she has read this Protective Order and shall abide by its terms.  Notwithstanding the foregoing provision, Confidential Information may be disclosed to a witness who will not sign an Acknowledgment in a deposition at which the party who has designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used.  These Acknowledgments are strictly confidential and shall be maintained by counsel for each party and only with good cause shown and separate court order will the Acknowledgments be disclosed to the opposing side.  Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Protective Order.

16. All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Order and remedying any violations thereof.

17. Confidential Information shall not be placed or deposited in any sort of data bank that is made available for indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses or any other persons not working on This Action and not signatories to this Protective Order.  This paragraph and the other provisions of this Order shall not apply to materials which, if challenged by any party, the Court rules are not entitled to protection.  This paragraph does not limit or restrict in any way the manner in which a party may store and make Confidential Information

available to the attorneys, support staff, experts, and any other persons or entities working on This Action, provided the general terms of this Order are followed.

18. The parties and their counsel as well as their technical consultants and experts shall also not sell, offer, advertise, publicize nor provide under any condition any Confidential Information produced by any other party to any competitor of any defendant or to any employee or any competitor (irrespective of whether they are retained as an expert by a party in This Action).

19. In the event that either of the parties is served by a non-party with a subpoena for Confidential Information that was originally provided and claimed as Confidential by another party, the Receiving Party will give notice to the Supplying Party, where reasonably possible, no less than ten (10) business days prior to disclosure by providing a copy of the subpoena, to allow a reasonable opportunity for the Supplying Party to object to such production before any production takes place.

20. If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall take reasonable efforts to immediately (a) inform the Supplying Party in writing of such disclosure, including to whom the material was disclosed; (b) make a reasonable effort to retrieve all copies of the Confidential Information only to the extent the Receiving Party has control over the unauthorized disclosed documents; (c) and to the extent the Receiving party has control over the person or persons to whom unauthorized disclosures were made, inform the persons of the terms of this Protective Order.

## V. Changes In and Objections to Designation of Information

21. **Inadvertent Disclosure of Confidential Information**. If a Supplying Party through inadvertence produces any documents containing Confidential Information without designating the documents as such in accordance with Paragraph 6 of this Protective Order, such inadvertence does not waive any claim for confidentiality that the Supplying Party may possess so long as the Supplying Party notifies the Receiving Party of the Confidential Information designation in writing within

twenty (20) days of the date that the Supplying Party became aware or reasonably should have become aware of the failure to designate the information as Confidential Information. If a Supplying Party fails to designate information as Confidential Information within this twenty (20) day period, the Supplying Party waives its right to designate the documents as Confidential Information. The Supplying Party shall also supply the Receiving Party with a new copy of the documents designated in accordance with Paragraph 6 of this Protective Order, which shall be substituted for the undesignated documents. Upon receipt of the substitute documents, the Supplying Party shall promptly return or destroy the improperly-designated document(s). Upon receipt of the Supplying Party's notice of the inadvertent disclosure, the Receiving Party shall, within a reasonable time, not exceed twenty (20) days, (a) treat such material in accordance with this Order; (b) take reasonable steps to notify any person to whom the Receiving Party disclosed such information of the new confidential designation; (c) take reasonable steps to procure the return of all copies of such material from any such persons who are not entitled to receipt of Confidential Information under the terms of this Protective Order ; (d) request in writing that such person procure the return of such information from any person to whom such person may have disclosed the information.

Notwithstanding the foregoing provisions of this section, the Supplying Party shall be deemed to have waived any claim of confidentiality with respect to the information inadvertently not claimed as confidential to which the Supplying Party fails to claim as Confidential Information, prior to sixty (60) days from the close of discovery.

22. **Challenges to Designation of Confidential Information**. A Receiving Party may challenge a Supplying Party's designation or redesignation by notifying the Supplying Party in writing that the confidentiality designation does not meet the definition of "Confidential Information". The designation by any party of

Confidential Information raises no presumption that the information or documents are entitled under the law to protection.  If any party contends, in writing, that any document, material, ESI, or other thing has been erroneously designated as Confidential Information, the party who designated the information as Confidential Information shall initiate a meet and confer within ten (10) days with the opposing party and the parties shall make a good faith effort to resolve issues relating to such designations.  After the meet and confer, the party who designated the information as Confidential Information shall file a motion with the Court within thirty (30) days of receiving such written notification establishing that the information is entitled to protection as Confidential Information under the law.  If the designating party fails to timely file such a motion within the allotted thirty (30) day period, the document, ESI, material, or other thing, which is designated as Confidential Information, shall forthwith be produced and be deemed not to be Confidential Information.  Any information or thing being challenged as inappropriately designated as Confidential Information shall nonetheless be treated as Confidential Information unless and until either (a) the designating party gives written permission to do otherwise, (b) the designating party fails to file a motion establishing that the challenged material is subject to protection as Confidential Information under the law within the thirty (30) day time period, or (c) the Court rules that the document, material, ESI, or other thing shall not be treated as confidential. Should the Court rule that any item designated as Confidential Information is not entitled to protection under the law, the designating party shall, within fourteen (14) days after all appeals are exhausted, provide the party challenging the confidential designation with copies of each item free of any language indicating that the item is subject to a Protective Order.

23. Nothing in this Order shall be deemed to shift the burden of proof to the party challenging the confidential designation with regard to whether the materials

produced pursuant to this Order are entitled to protection under the law as Confidential Information.

## VI. No-Eyes On Review

24. The parties acknowledge that in accordance with MDL Amended Case Management Order No. 17, *In Re: Bard IVC Filters Products Liability Litigation*, MDL No. 2641 (Doc. 4015) certain documents and ESI productions by Defendants were done under a "no-eyes-on review" (the "Process") and the parties agree to the following same procedure here regarding those documents and ESI:

   a. Prior to using any document or ESI, at a deposition, or at a trial or hearing in this matter, Plaintiff shall make a good faith effort to identify whether the document or ESI contains any information that is subject to redaction under MDL Case Management Order No 7 and corresponding Exhibit A (Doc. 401, attached as Exhibit 1) and to redact any such information in accordance with that Order and redaction protocol.

   b. Defendants shall independently have the right to identify any documents or ESI from the Process ESI, including documents identified by Plaintiff pursuant to Paragraph 3, as subject to the requirements of Case Management Order No. 7 (Doc. 401) and to require the redaction of the information set forth in that Order; in that event, Defendants shall provide Plaintiff with a redacted version of the subject documents or ESI with the same production Bates number(s) and Plaintiff shall destroy any unredacted copies or versions of the document that he possess.

   c. Defendants shall have the right to identify any document, file, or other form of ESI produced pursuant to the Process as both being irrelevant to the matters in dispute and containing trade secret or other confidential information and to "claw back" such ESI or documents from the production. After Plaintiff uses a document or ESI from the Process ESI as part of a filing, at a deposition, or at a trial or hearing in this matter, Defendants shall have 30 days to seek claw back of the particular document pursuant to this Paragraph; this latter requirement does not apply to

Process ESI that has not been used by Plaintiff as part of a filing, at a deposition, or at a trial or hearing in this matter, which may be clawed back at any time.

d.  Plaintiff shall have the right to challenge any designation or claw back by Defendants by submission of the ESI or document to the Court under seal, and any filings that refer to the protected substance of the ESI or document must, likewise, be made under seal.

e.  Federal Rule of Evidence 502(d) protection for privileged information produced pursuant under MDL Amended CMO No. 17 (Doc. 4015) shall apply:

1.  Pursuant to Federal Rule of Evidence 502(d), production or disclosure pursuant to the Process of the substance or content of documents, materials, or other information that is protected by the attorney-client privilege, work-product protection, or any other privilege or protection shall not amount to waiver of the privilege and/or protection in the MDL, or in any other federal or state proceeding.

2.  If Plaintiff identifies a document, material, or other information in the documents and ESI produced pursuant to the Process that reasonably appears to be protected by any privilege or other protection, he shall promptly notify Defendants in writing or email. If the Defendants determine that the document, material, or other information is privileged or otherwise protected, it shall make such an assertion in writing within 30 days of receipt of notification. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection within 30 days of receipt of notification shall amount to waiver of any privilege or protection only of the document, material, or other information identified in the notification, subject to Federal Rule of Evidence 502(a).

3.  For any document, material, or other information produced or disclosed during discovery, and not identified pursuant to section (b) of this Paragraph, Defendants shall assert any claim of privilege or protection in writing (including by email) within 30 days after Plaintiff uses the document or ESI as part of a filing, at

a deposition, or at a trial or hearing in this matter. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection shall amount to waiver of the privilege or protection only of the document, material, or other information used, subject to Federal Rule of Evidence 502(a).

4.  Unless waived under sections (b) or (c) of this paragraph, at any time, a party that produces any document, material, or other information that it believes to be protected by the attorney-client privilege, work-product protection, or any other privilege or protection may assert the privilege or protection in writing. Once the privilege or protection is asserted in writing, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B).

5.  Notwithstanding the statements herein, the Rule 502 clawback provisions discussed herein are not intended to allow and do not allow Defendants to clawback or assert no waiver of privilege over documents that were produced and used in prior litigation (i.e., used as part of a filing, at a deposition, or at a trial or hearing) without prior successful efforts to clawback the documents as being inadvertently produced. The parties acknowledge that Defendants continue to assert privilege/work product over the "Lehman Report," and nothing in this paragraph shall impact the parties' arguments regarding privilege/work product.

25. To the extent that the documents or ESI produced pursuant contain any adverse event reporter names or information of a patient who is not a party to this Action, Plaintiff and his counsel and agents shall not contact the patient or reporter of an adverse event unless and until the parties go through the processes outlined above with respect to redaction of information and this Court determines the information is not subject to redaction.

////

////

### VII. Filing Under Seal

26. Pursuant to Judge Karen S. Crawford's Civil Chambers' Rule ("Chambers' Rule") XI, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

27. **Where a Party Files Documents and Contends the Documents Should be Kept Sealed.** Where a party intends to file pleadings, documents, and other materials that contain Confidential Information with the Court, said party shall comply with the provisions of Chambers' Rule XII. A copy of the sealed motion or sealed document must be served on all parties that have appeared in the case and shall include a certificate of service reflecting the means by which service was made.

28. **Where a Party Files Documents Claimed as Confidential by Another Party**. A party that files or intends to file with the Court Confidential Information produced by another party but does not intend to request to have the records sealed, must do the following:

    a. Make arrangements consistent with Chambers' Rule XII to lodge the documents under seal in accordance with local rules.

    b. File redacted copies of the documents (if appropriate) so that they do not disclose the contents of the records that are subject to the confidentiality agreement or protective order;

    c. Serve a copy of the motion on all parties that have appeared in the case and serve unredacted copies of the documents on the Supplying Party;

    d. Give written notice to the party that produced the documents that the documents will be placed in the public court file unless the party files a motion

to seal records within 14 days of receipt of the notice and unredacted copies of the documents.

This section shall not apply with respect to documents admitted into evidence as exhibits at the trial of this matter. The Supplying Party reserves the right, however, to petition the Court for protection with respect to such documents admitted into evidence as exhibits at trial.

### VIII.  Miscellaneous Provisions

29. **Amending or Modifying Protective Order.**  Pursuant to Chambers' Rule XI, the Court may modify the protective order in the interests of justice or for public policy reasons. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue in force until amended or modified by consent or agreement of the parties or by order of the Court, and shall survive any final judgment or settlement in This Action, including but not limited to any final adjudication of any appeals petitions for extraordinary writs, unless otherwise vacated or modified by the Court.  The Court shall have continuing jurisdiction over the terms and provisions of this Protective Order.

30. **After Final Adjudication**.  Upon written demand by the Supplying Party made within thirty (30) days after final adjudication of This Action, including but not limited to, any final adjudication of any appeals and petitions for extraordinary writs, the Receiving Party shall assemble and return all Confidential Information to the Supplying Party or, alternatively, shall destroy all such material at the Supplying Party's expense.  The Receiving Party shall verify the complete destruction or return to the Supplying Party all such Confidential Information by executing and mailing to counsel for the Supplying Party an Acknowledgment in the form attached hereto as **Exhibit B**.  A copy of each such executed Acknowledgment shall be maintained by counsel for the Receiving Party and counsel for the Supplying Party.  Notwithstanding the foregoing provisions of this paragraph, the Receiving Party

may maintain its privileged communications, work product, Acknowledgments pursuant to the Protective Order, materials required to be retained pursuant to applicable law, and all court-filed documents even though they contain Confidential Information, but such materials shall remain subject to the terms of this Protective Order.  This provision may not be invoked while the plaintiff's attorneys of record have active pending cases relating to IVC Filters manufactured by C.R. Bard, Inc. and/or Bard Peripheral Vascular, Inc.

31. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial.  The use of Confidential Information during trial will be addressed in a later agreement between the parties, or, if they cannot reach an agreement, by further order of the Court.

32. Nothing in this Order shall be deemed a waiver of any parties' right to oppose any motion by any other party for a protective order or to oppose any objection to the disclosure of any information or documents on any legal grounds, including, but not limited to, the grounds that the party seeking the protective order has neither timely nor adequately objected to disclosure of such documents and information or moved for a protective order.

33. This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in This Action.  Nothing contained in this Order, or any action taken pursuant to it shall waive or impair any party's right to assert claims of privilege or work product protection, or the right of any party to object to the relevancy of admissibility of documents or information sought or produced into assert objections to requested discovery on grounds other than Confidential Information.  This Protective Order also shall not affect or create any presumption with respect to the right of any party from seeking or obtaining additional protection with respect to any documents, materials, or information where allowed by law.

34. Each party shall retain all rights and remedies available to it under the law for the enforcement of this Protective Order against anyone who violates it.

35. Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts the Court relies upon in making any findings or issuing any ruling, order, judgment, or decree.

36. Within thirty (30) days of any information that has been claimed as Confidential Information being de-designated or made publicly available, the Supplying Party shall provide notice of the Confidential Information that has been de-designated and/or made publicly available. Such notice shall be made by identifying bates numbers or by other means such as identifying categories of information where the identification of bates numbers are not possible or not feasible. Publicly available includes documents that have been filed with any court or entered as an exhibit during trial not under seal, provided, however that the Supplying Party is not required to provide notice of de-designation with regard to such documents until any motion or request to seal those documents is denied. This paragraph only applies to the extent that the Supplying Party knew or should have known that the information claimed as Confidential Information was de-designated or made publicly available.

**IT IS SO ORDERED.**

Dated: May 1, 2023

Hon. Karen S. Crawford
United States Magistrate Judge

# EXHIBIT A

# AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____ (Name), have been given and have read a copy of the Protective Order, dated _____, 202__ in the above-entitled actions. I understand and will strictly adhere to the contents of said Order. I understand that produced material disclosed to me is subject to the Order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court Order. I understand that my unauthorized disclosure of any "Confidential Information" may constitute contempt of court and I agree to be personally subject to the jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the Order, and any contempt proceeding that may be instituted for my violation of the terms of this Acknowledgment and the Protective Order. I also understand that my signature on this "Agreement to Maintain Confidentiality", indicating my agreement to be bound by the terms of this Protective Order, is required before I may be allowed to receive and review any produced document and materials that are designated as "Confidential Information" .

Date: _____         Print Name:_____

Signature:_____

# **EXHIBIT B**

## **ACKNOWLEDGEMENT OF DESTRUCTION OR RETURN OF DEFENDANTS' CONFIDENTIAL INFORMATION**

I, _____ (Name), am over the age of 18 years and am a resident of _____ County, _____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

I have requested and received from _____ all of the "Confidential Information" contained in materials, transcripts, and other things within the scope of this Protective Order and produced in the above-entitled action or in MDL No. 2641, pending in the United States District Court District of Arizona.

I have either destroyed or have attached hereto all of the "Confidential Information" contained in the materials, transcripts, and other things within the scope of this Protective Order including those materials which were returned to me by the experts and consultants mentioned above in accordance with the preceding paragraph, and as described in the Protective Order related to this matter. Notwithstanding the foregoing provisions of this paragraph, the Receiving Party may maintain its privileged communications, work product, Acknowledgments pursuant to the Protective Order, materials required to be retained pursuant to the applicable law, and all court-filed documents even though they contain "Confidential Information," but such materials shall remain subject to the terms of this Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____     Print _____

Signature:_____