UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOLEY,<br><br>                     Plaintiff,<br><br>v.<br><br>C.R. BARD, INC. et al.,<br><br>                     Defendants. | Case No.: 3:22-cv-1754-MMA-KSC<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL [Doc. Nos. 33, 34] DIRECTING FURTHER SUBMISSIONS** |

### I.    Introduction

The parties' Joint Discovery Motion is presently before the Court. *See* Doc. No. 34 (the "Joint Motion"). The parties initially filed a version of the Joint Motion that omitted the evidentiary exhibits relevant to resolving the issues before the Court. Doc. No. 33. The substance of both Motions is the same: defendant is moving to compel production of plaintiff's draft autobiography. The Court addresses them as a single request for relief that shall, as explained in this Order, be **GRANTED IN PART**.

### II.    Factual Background

This is a personal injury case, one of thousands of products liability cases filed against defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") based on Bard's development and sale of retrievable inferior vena cava ("IVC") filters. *See*

*generally* Doc. No. 1 ¶¶ 9-59. Plaintiff's doctor implanted Bard's first generation IVC filter, the Recovery filter, in plaintiff in 2005. *Id.* ¶ 60. In November 2020, plaintiff discovered the filter had fractured. *See id.* At present, plaintiff alleges fragments of the filter have lodged themselves in her heart, lung, and spine. *See id.*

During plaintiff's deposition, she revealed she has been writing an as-yet-unpublished autobiography. Doc. No. 34 at 2; Doc. No. 34-1 at 40. Specifically, when asked whether she had visited any message boards or other forums in connection with her IVC filter or lawsuit, she responded in part, "I've written a book. It's in there . . . ." *See* Doc. No. 34-1 at 40. After the deposition, defendant sought production of the draft autobiography. Doc. No. 34 at 2.[1] Plaintiff responded by producing excerpts from three pages of the book, which, as construed by plaintiff, "mention or refer to the Bard IVC Filter" at issue in this case. Doc. No. 34-1 at 51. Although defendants previously sought production of the whole book, they agreed to limit their request to "portions of the book covering from the year 2000 through the present, consistent with medical records discovery in this case." Doc. No. 34 at 2. Plaintiff has stood on her objections, producing only the limited excerpts identified in her response to defendants' discovery. *Id.* at 6.

### III.   Analysis of the Parties' Discovery Dispute

A party seeking discovery may move the Court to issue an order compelling production. Fed. R. Civ. P. 37(a). This Court has broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). Ninth Circuit case law does not clearly answer the question of whether the party seeking discovery bears an initial burden of demonstrating the relevance of that discovery, or whether the party resisting discovery must make a showing of irrelevance to sustain an objection. *See Fei Fei Fan v. Yan Yao Jiang*, 2023 U.S. Dist.

---

[1]   The draft autobiography is now 258 pages long. *See* Doc. No. 34 at 5:22-25.

LEXIS 6544, at *5-6 (D. Nev. Jan. 13, 2023); *V5 Techs v. Switch, Ltc.*, 334 F.R.D. 306, 309-10 (D. Nev. 2019). It is settled, however, that if the information sought is relevant, the party resisting discovery bears the ultimate burden of convincing the Court that the discovery sought should not be permitted. *See V5 Techs*, 334 F.R.D. at 309 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Plaintiff has three objections to producing the book: (A) any pages other than those produced are categorically irrelevant to this action; (B) even if it is relevant, producing the entire draft autobiography is disproportionate to the needs of this case and needlessly infringes on the privacy rights of plaintiff and third parties; and, (C) even if the autobiography is otherwise discoverable, a small portion of the document is protected by the attorney-client privilege and cannot be disclosed. The Court will address each argument in turn.

### (A)   Whether the Autobiography is Relevant

Information sought in discovery must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court's discretion to determine relevancy is "broad." *See Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1004 (S.D. Cal. 2021). This case is, broadly speaking, about how plaintiff's life has been negatively impacted by the implantation of an allegedly defective inferior vena cava filter that fractured and caused her serious injury. Part of her means of showing the allegedly negative impacts on her life has been to testify that, post-fracture, she can no longer do the things in life that brought her joy, at least in some respects. *See* Doc. No. 34-1 at 34-35. Thus, depictions of plaintiff's life, such as those likely to be contained in an autobiography, are relevant because they may rebut or bolster her claims about her limitations and the extent of her injuries. Even if, as plaintiff suggests, the autobiography touches upon subjects like faith and family that might not bear directly on her claims in this case, that does not bring the autobiography

outside the broad scope of "relevant" information contained in Rule 26.[2] Accordingly, the Court concludes the autobiography is "relevant" to plaintiff's claims and the objection on the basis of irrelevance is **OVERRULED**.

### (B) Whether Discovery is Disproportionate to the Needs of the Case and Invasive of Plaintiff's and Third-Party Privacy

Even if the autobiography is deemed relevant, plaintiff suggests discovery is objectionably disproportionate and invasive of her privacy rights and the privacy rights of third parties. *See* Doc. No. 34 at 7-8. Defendant argues the discovery is not disproportionate because plaintiff's damage allegations are "serious." *See id.* at 3. Defendant further argues any privacy objections are meritless or can be appropriately resolved with the stipulated confidentiality order already in place. *Id.* at 3-4. The Court will address proportionality first then turn to the privacy issue.

Assessing proportionality requires the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff claims extensive, lifelong injuries in this case. *See, e.g.*, Doc. No. 1 ¶¶ 60, 74, 77, 93. As such, damages and the alleged limitations on plaintiff's lifestyle will be dominant issues at trial. Any physical activities or limitations, or emotional distress described in plaintiff's autobiography are clearly important factors for evaluating and resolving pertinent issues. Her autobiographical story, written in her own words, is clearly not otherwise accessible to defendant absent production in discovery. Further, minimal expense or difficulty in producing the discovery is anticipated, as plaintiff

---

[2] The Court will accept the defendant's offer to limit the scope of discovery to those portions of the book that address plaintiff's life from the year 2000 onwards. *See* Doc. No. 34 at 2. Portions of the book that address plaintiff's life prior to the year 2000 may be withheld. Doc. No. 34 at 2:15-17.

already has the manuscript in her possession. An extra few hundred pages of discovery is not excessive when compared to the fact that plaintiff has already produced 3,000 pages of medical records and, in part because of the MDL litigation, defendant has produced copious discovery relevant to this and other cases [*see* Doc. No. 15]. Thus, the Court concludes that the information is subject to production under Rule 26(b)(1) and the benefits of producing this information outweigh the burden placed on plaintiff. Finally, although plaintiff suggests the information in the autobiography is "cumulative" of other discovery already produced in this case such as plaintiff's deposition, the statements made in her autobiography, outside the context of litigation, will likely provide a more complete picture of plaintiff's abilities and limitations, which is highly important. Accordingly, the objection based on proportionality is **OVERRULED**.

Plaintiff further objects to producing the manuscript because it would violate not only her own expectation of privacy, but also that of third parties whose names are referenced in the subject autobiography. *See* Doc. No. 34 at 8-19. Federal courts resolve privacy objections by "balancing the need for the particular information sought against the privacy right asserted." *See Laub v. Horbaczewski*, 331 F.R.D. 516, 522 (C.D. Cal. 2019). Privacy concerns, even if legitimate, may be resolved through the use of a protective order that limits the scope of disclosure. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998); *Romano v. AT&T Mobility Servs., LLC*, 20-cv-698-JLS-KSC, 2020 WL 6741677, 2020 U.S. Dist. LEXIS 215003, at *8 (S.D. Cal. Nov. 17, 2020); *Park v. Jaguar Land Rover N. Am., LLC*, 20-cv-242-BAS-MSB, 2020 WL 4784740, 2020 U.S. Dist. LEXIS 149533, at 11 (S. D. Cal. Aug. 17, 2020).

Plaintiff suggests she herself has a privacy interest in the manuscript because she has not yet published it, and she has only shown it to a select number of people. *See* Doc. No. 34 at 9; Doc. No. 34-1 at 60. This argument is not reasonable. The fact of the matter is, plaintiff ***has*** shown the autobiography, or portions of it, to third parties with no connection to this action. Doc. No. 34-1 at 60. Moreover, plaintiff may use the stipulated protective

order already in place to prevent disclosure of the draft autobiography to anyone not connected to her court case.

As to the third parties, plaintiff merely states the book contains "sensitive" information concerning her "family and friends." Doc. No. 34-1 at 60. Although defendant does not address the need for information about third parties, the Court cannot conceive how the protective order already in place will insufficiently protect the identification of third parties so long as plaintiff designates the discovery as confidential before production. However, given the sensitive nature of the autobiographical content related to these third parties, the Court will further order that the names of third parties (and only their names) may be redacted to prevent the disclosure of their identities during discovery. If, however, defendant later articulates a need to discover the identities of those third parties, the Court will revisit the issue upon request. For these reasons, plaintiff's privacy objection is **OVERULED in part and SUSTAINED in part.**

### (C) Whether the Autobiography Contains Privileged Material

Plaintiff's discovery production of the three manuscript pages contains the following redaction, which the Court includes here for convenience:

> The doctor asked me if I had any more questions, and I said, "Yeah! Where is the rest of the IVC filter??" She said I should see a vascular surgeon, and she set that up for me. The vascular surgeon ordered a CT scan of my chest and my abdomen. Unfortunately, they found one, possibly two, more of the struts in my heart. They can clearly see one, but the second one they are seeing could possibly be "artifact." They cannot tell me how long those have been in my heart because there are no past CT scans to compare. I do have an attorney. ███████████ ████████████████████████████████████████████████ ████████████. The doctors, however, have been pretty encouraging. They keep telling me I am a walking miracle. Imagine, two or three, inch long pieces of titanium traveled up from my liver area, into my heart, and one traveled through

*See* Doc. No. 34-1 at 53.[3] Plaintiff claims the redacted information may be withheld under the attorney-client privilege. Doc. No. 34 at 9. Defendant asserts the information has not been shown to be privileged at all, and any privilege was waived through plaintiff's subsequent disclosures to third parties. *Id.* at 5-6.

Privileged information is generally not discoverable. Fed. R. Civ. P. 26(b)(1). In a diversity case, state law governs a privilege claim. Fed. R. Evid. 501; *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). This is a diversity case alleging violations of state tort law. *See generally* Doc. No. 1. Accordingly, California law, not federal common law, controls this issue. California law makes "a confidential communication between client and lawyer" privileged from discovery. Cal. Evid. Code § 954. A "confidential communication between client and lawyer" is defined as any "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship . . . ." *Id.* § 952. The right to claim a privilege is, however, "waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication." *Id.* § 912(a). Disclosure of attorney-client privileged communications will not waive the privilege "when disclosure is

---

[3] The language quoted in this Order is itself on an excerpt of the portions of the autobiography produced by plaintiff, which explains why it appears incomplete. Plaintiff's complete production appears in the record. *See* Doc. No. 34-1 at 51-54. The Court has only included the paragraph that contains material redacted as privileged.

reasonably necessary for the accomplishment of the purpose for which the lawyer . . . was consulted." *Id.* § 912(d).[4]

The party asserting the privilege has the burden of establishing the existence of the privilege by showing a communication was made between client and lawyer in furtherance of the lawyer's services. *See Costco Wholesale Corp. v. Superior Ct.*, 219 P.3d 736, 741 (Cal. 2009); *Behunin v. Superior Ct.*, 215 Cal. Rptr. 3d 475, 484 (Ct. App. 2017). The party claiming privilege likewise bears the burden of establishing the privileged communication remained confidential and was not disclosed to any third party such as to waive the privilege. *Behunin*, 215 Cal. Rptr. 3d at 484; *accord Sony Comput. Ent. Am., Inc. v. Great Am. Ins. Co.*, 229 F.R.D. 632, 634 (N.D. Cal. 2005).

The Court must first determine whether plaintiff has shown the privilege applies to the redacted information. Importantly, "the privilege does not apply to every single communication transmitted confidentially between lawyer and client. Rather, the heartland of the privilege protects those communications that bear some relationship to the attorney's provision of legal consultation." *L.A. Cty. Bd. of Supervisors v. Superior Ct.*, 386 P.3d 773, 779 (Cal. 2016). As applied here, the substance of the redactions in the subject autobiography is currently unknown to the Court, and it is not clear that the redacted material constitutes a confidential communication between plaintiff and her attorney related to the provision of legal services.

Counsel *argues* "[t]he [redacted] sentence refers to an attorney-client communication." Doc. No. 34 at 9. But the arguments of counsel are not evidence. *See Carrilo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003). Plaintiff also submitted a declaration to support her attorney client assertion as set forth in the Joint Motion. *See* Doc.

---

[4]   The analysis of whether a disclosure was "reasonably necessary" is often the same for California Evidence Code sections 912 and 954. *See Behunin v. Superior Ct.*, 215 Cal. Rptr. 3d 475, 483 (Ct. App. 2017); *McKesson HBOC, Inc. v. Superior Ct.*, 9 Cal. Rptr. 3d 812, 817 n.5 (Ct. App. 2004).

No. 34-1 at 60. The declaration, however, does not address the substance of the redacted information claimed to be privileged; nor do any of the other exhibits attached to the Joint Motion demonstrate the privileged nature of the communication. There is, therefore, no evidence from which the Court can conclude the redacted information at issue is privileged.

Accordingly, the Court **ORDERS** the parties to take the following steps towards resolving this dispute: counsel for both parties shall promptly meet and confer (telephonically or in person) about whether the parties will stipulate to have the Court review the purportedly privileged communication *in camera* to rule on the claim of privilege.[5] If neither party objects to *in camera* review, the parties shall file a joint notice of lodgment so stating, and plaintiff shall lodge an unredacted copy of the manuscript page to the Court's efile inbox. If either party objects to *in camera* review, then plaintiff shall file competent evidence to support her contention that the attorney-client privilege applies to the redacted material. If she cannot do so, the Court's ruling will be that plaintiff has not established the application of the attorney-client privilege to justify redaction of the autobiography as produced.

As to waiver, if the manuscript does in fact contain attorney client privileged communications, the parties agree that disclosing such information to third parties would waive the privilege. They dispute instead whether plaintiff has in fact made such a disclosure. *See* Doc. No. 34 at 6, 9. In her deposition, plaintiff testified that she had shared drafts of her autobiography with "a couple of people." *Id.* In her supplemental declaration, she states the "current version" of the book has been shared with nobody other than her attorneys. Doc. No. 34-1 at 60. The Court notes plaintiff has *not* said "I did not disclose a version of the manuscript *including the redacted sentence* to anyone other than my attorneys," which is what she needs to establish to demonstrate that no waiver has been

---

[5] In camera review is an effective means of ruling on a claim of privilege because the material itself may facially demonstrate the existence of a privilege. *Cf. Aroeste v. United States*, ___ F. Supp. 3d ___, 2023 U.S. Dist. LEXIS 142884, at *22 (S.D. Cal. 2023).

9

3:22-cv-1754-MMA-KSC

made. Thus, if ruling solely on the information thus far presented, the Court would conclude that plaintiff waived the privilege. Given the importance of the privilege at stake, however, the Court ORDERS plaintiff to file a supplemental declaration describing the identity of each person to whom she has disclosed the manuscript, the approximate dates of any such disclosures, and whether the copies of the manuscript disclosed to third parties contained the redacted sentence at issue.

## IV.   Conclusion

Defendant's motion to compel is **GRANTED IN PART AND DENIED IN PART** as explained in this Order:

(1)   Plaintiff shall produce a further discovery response to defendant's RFP No. 33 *and* the responsive autobiography pages on or before **February 1, 2024**;

(2)   Plaintiff may redact the names of third parties to protect their privacy;

(3)   The information claimed to be privileged shall remain redacted until the Court issues a further order;

(4)   On or before **February 1, 2024**, plaintiff shall submit supplemental evidence as directed in this Order. If the parties stipulate to in camera review, the parties shall jointly file a notice of lodgment and plaintiff shall lodge the at-issue document. The Court will issue a further order on the privilege claim after reviewing the further submissions.

(5)   If, however, the parties do not stipulate to *in camera* review and plaintiff cannot, or chooses not to, submit additional evidence, plaintiff shall also unredacted the information claimed to be privileged and produce it simultaneously with the other documents produced in response to this Order.

**IT IS SO ORDERED**

Dated:  January 25, 2024

Hon. Karen S. Crawford
United States Magistrate Judge