# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOLEY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-1754-MMA-KSC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL AND SETTING BRIEFING SCHEDULE**<br><br>[Doc. Nos. 41, 42] |

On March 20, 2024, Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Defendants") filed a motion seeking leave to file various exhibits, including confidential settlement communications and agreements, under seal. *See* Doc. No. 37. Because Defendants had not yet filed their underlying motion to enforce settlement agreement, or lodged the documents that were subject to their motion to seal on the docket, the Court denied the motion to seal without prejudice. *See* Doc. No. 40. On April 4, 2024, Defendants filed two identical motions to seal, now seeking leave to file both the motion to enforce settlement agreement and the supporting exhibits under seal. *See* Doc. Nos. 41, 42. Defendants also properly lodged their motion and exhibits for the Court's review. Doc. No. 43.

When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Accordingly, 'a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1178).

Contrary to the good cause standard for sealing documents in support of nondispositive motions, as well as motions not more than tangentially related to the merits of a case, a party must demonstrate "compelling reasons," supported by "specific factual findings" to seal a document in connection with a dispositive motion. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Lessin v. Ford Motor Co.*, No. 19-cv-01082-AJB-AHG, 2024 U.S. Dist. LEXIS 47675, at *21 (S.D. Cal. Mar. 17, 2024). Under this standard, the Court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. The Court must then "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

Here, Defendants explain that the documents "relate[] to highly sensitive settlement negotiations and agreements," and that the terms of the agreements "mandate the agreements remain confidential and are explicitly designated privileged and confidential." Doc. No. 41 at 3. Further, Defendants maintain that "the information has potential implications for other lawsuits given the mass tort nature of this action." *Id.* The Court is convinced these are compelling reasons to seal the motion and exhibits. *See Aya Healthcare Servs. v. Amn Healthcare, Inc.*, No. 17cv205-MMA (MDD), 2020 U.S.

1 | Dist. LEXIS 68855, at *15-16 (S.D. Cal. Apr. 20, 2020); *see also San Diego Comic*
2 | *Convention v. Dan Farr Prods.*, No. 14-CV-1865 AJB (JMA), 2018 U.S. Dist. LEXIS
3 | 95433, 2018 WL 2717880, at *1 (S.D. Cal. June 5, 2018) (granting motion to seal
4 | references to confidential settlement discussions); *Brightwell v. McMillan Law Firm*, No.
5 | 16-CV-1696 W (NLS), 2017 U.S. Dist. LEXIS 196232, 2017 WL 5885667, at *1–2 (S.D.
6 | Cal. Nov. 29, 2017) (sealing communications regarding the terms of a settlement).
7 | However, on balance, it is clear that Defendants do not present a sufficiently compelling
8 | reason to hide from the public the fact that they have filed a motion to enforce settlement
9 | agreement. Accordingly, the Court **GRANTS** Defendants' motion (Doc. Nos. 41, 42)
10 | and **DIRECTS** the Clerk of Court to file Doc. No. 43 **UNDER SEAL**. The Court further
11 | **DIRECTS** Defendants to file a redacted version of their motion to enforce settlement
12 | agreement as a separate entry on the docket as soon as practicable and in no event later
13 | than **April 10, 2024**.
14 | Additionally, Defendants bring their motion to enforce settlement agreement *ex*
15 | *parte*. According to Defendants, they provided Plaintiff with advance notice of their
16 | filing, and the parties "agreed" to *ex parte* motion practice. Doc. No. 41-1 ¶ 3. "The
17 | term '*ex parte*' describes motions or applications made without following the procedures
18 | applicable to regularly-noticed motions." *Spirit Tea LLC v. Utopia Oriental, Inc.*, No.
19 | CV 19-5337 DMG (FFMx), 2019 U.S. Dist. LEXIS 229030, at *3 n.1 (C.D. Cal. Sep. 5,
20 | 2019) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D.
21 | Cal. 1995)). In order to justify *ex parte* relief, the moving party must at least demonstrate
22 | that they will suffer irreparable harm if their motion is not heard on an expedited
23 | schedule. *See, e.g.*, *Centeno v. City of Carlsbad*, No. 19-cv-2098-RSH-DEB, 2023 U.S.
24 | Dist. LEXIS 155884, at *5 (S.D. Cal. July 27, 2023).
25 | Here, Defendants do not provide any explanation for why their motion must be
26 | heard expeditiously and they do not assert they will suffer irreparable harm if their
27 | motion is properly noticed. Accordingly, the Court will not consider Defendants' motion
28 | on an *ex parte* basis. However, in light of the parties' apparent agreement to an expedited

schedule, and given that the parties are scheduled to appear before Judge Crawford on April 22, 2024 for a Mandatory Settlement Conference, the Court **SETS** the following briefing schedule on Defendants' motion to enforce settlement agreement:

- Plaintiff must file an opposition on or before **April 12, 2024**;
- Defendants may then file their reply, if any, on **April 19, 2024**.

Upon completion of the briefing, the Court will take the motion under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1 and issue a written ruling in due course.

**IT IS SO ORDERED**.

Dated: April 5, 2024

HON. MICHAEL M. ANELLO
United States District Judge